The Honorable John M. Lipton The Honorable Nick Wilson State Representative State Senator State Capitol, Room 09 State Capitol, Room 09 Little Rock, AR 72201 Little Rock, AR 72201
Dear Representative Lipton:
This is in response to your request for an opinion regarding whether the State Board of Parole and Community Rehabilitation intrudes on the Governor's constitutional authority over pardons and his responsibility in that area. Let me initially state that the Board of Parole and Community Rehabilitation is only given the authority by statute to investigate applications for pardon and to make recommendations to the Governor with respect to whether or not a pardon should be granted. See Ark. Code Ann. 16-93-204 (1987). The sole authority to grant pardons clearly rests with the Governor. See Ark. Const. Art. 6, 18. Therefore, assuming that the Board is operating properly, there should be no question of its usurping the pardoning power given to the Governor in the Constitution.
The Governor's power over pardons is set out in Article 6, 18
of the Arkansas Constitution:
 In all criminal and penal cases, except in those of treason and impeachment, the Governor shall have power to grant reprieves, commutations of sentence and pardons after conviction; and to remit fines and forfeitures under such rules and regulations as shall be prescribed by law.
This provision clearly places the pardoning power in the hands of the Governor; nevertheless, it has been construed to allow reasonable regulations of that power by the legislature. See Baldwin v. Scoggins, 15 Ark. 427 (1855); Horton v Gillespie, 170 Ark. 107, 279 S.W. 1020 (1926). In Horton, the Arkansas Supreme Court held that the Governor's power to pardon is not absolute, but is subject to such regulations as the legislature may see proper to impose that do not substantially deprive the chief executive of this power. The court in that case held that Act 154 of 1903, regulating applications for pardon, was a reasonable regulation of the Governor's pardoning power by the legislature. Act 154 has since been repealed, but a similar act, regulating applications for executive clemency, can be found at Ark. Code Ann. 5-4-607 (1987). Presumably, if challenged, this statute would also be considered a reasonable regulation of the Governor's pardoning power.
In Gulley v. Budd, 209 Ark. 23, 189 S.W.2d 385 (1945), the Court further held that the law does not prohibit suggestions to the Governor as to whether or not a pardon should be granted, unless the person making the suggestion is an attorney or paid representative. The State Board of Parole and Community Rehabilitation is a combination of the former State Board of Pardons and Paroles and the Commission on Community-Based Rehabilitation. See Ark. Code Ann. 16-93-201
(Supp. 1989). Upon its creation, this new Board was given all powers, functions and duties of its predecessors. Thus, the Board has the responsibility of investigating and making recommendations to the Governor on all applications for pardon, as set out in Ark. Code Ann. 16-93-204 (1987):
 (a) All applications for pardon, commutation of sentence, reprieve, respite, or remission of fine or forfeiture shall be referred to the Parole Board for investigation.
 (b) The Parole Board shall thereupon investigate each case and shall submit to the Governor its recommendation, a report of the investigation, and all other information the Parole Board may have regarding the applicant.
This delegation of responsibility to the Board of Parole and Community Rehabilitation by the legislature should be valid under Gulley v. Budd. The Board is clearly neither an attorney nor a paid representative of any convicted person seeking a pardon. It is an independent body required to make an objective recommendation to the Governor on each application for pardon. The Governor is not obligated to, and frequently does not, follow the Board's recommendation. Accordingly, it is my opinion that the Board of Parole and Community Rehabilitation does not intrude on the Governor's constitutional authority over pardons by exercising its responsibility under Ark. Code Ann. 16-93-204 (1987).[1]
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Catherine Templeton.
Sincerely,
WINSTON BRYANT Attorney General
WB:tlm
[1] This opinion is limited to the Board's duties as specifically set out in 16-93-204. Any future delegations of authority to the Board would have to considered separately.